IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roger Dewayne Sunderland,<br><br>        PETITIONER<br><br>   v.<br><br>United States of America,<br><br>        RESPONDENT | Crim No. 4:08-cr-00873-TLW<br>C/A No. 4:12-cv-03523-TLW<br><br><br>**Order** |

      This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Roger Dewayne Sunderland. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

      On January 9, 2009, Petitioner pled guilty to Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g). On May 12, 2009, pursuant to an agreement between Petitioner and the Government for a stipulated sentence, the Court sentenced him to 120 months imprisonment, followed by a 3-year term of supervised release. At his sentencing hearing, he signed a court-approved document that stated, "I have been notified by the court of my right to appeal and that I must do so within (10) days of the entry of the judgment. I have discussed this right with my attorney," and he checked the box stating "I do not want to appeal." ECF No. 165. Judgment was entered on May 28, 2009. No appeal was filed.

      On December 14, 2012, Petitioner filed this motion under 28 U.S.C. § 2255, stating one ground for relief: that his counsel was ineffective for failing to file a direct appeal after counsel allegedly said he would do so. On February 25, 2013, the Government filed a Response to

Petitioner's § 2255 motion and a Motion to Dismiss. The Government attached to its motion an affidavit from Petitioner's counsel, in which counsel stated that Petitioner did not request than an appeal be filed. On March 6, 2013, he filed a response to the Government's motion.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

The Government argues that Petitioner's § 2255 motion should be dismissed as untimely. The Court agrees.

### A. Timeliness under AEDPA

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f).  The Court will address the applicability of each of these subsections.

### 1.     *§ 2255(f)(1)*

Petitioner's motion is untimely under § 2255(f)(1).  His conviction became final over three and one-half years before he filed his § 2255 motion.  Judgment was entered on May 28, 2009, so he had until June 8, 2009 to file a notice of appeal.[1]  Because he did not file an appeal, the judgment of conviction in his case became final on June 8, 2009, which is also the date the one-year limitations period began to run.

Thus, under § 2255(f)(1), he had one year—until June 8, 2010—in which to file his motion.  However, he did not file his motion until December 14, 2012.  Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(1).

### 2.     *§ 2255(f)(2)–(4)*

The Court does not find that any triggering set forth in § 2255(f)(2)–(4) applies to this case.  Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making his motion, that any right newly recognized by the Supreme Court applies to his case, or that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence.  Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2)–(4).

### B.     Equitable Tolling

Petitioner argues that the doctrine of equitable tolling should be applied in his case to

---

[1] At that time, a defendant had ten days to file a notice of appeal.  In Petitioner's case, the tenth day, June 7, was a Sunday, so he had until Monday, June 8, 2009 to file a notice of appeal.

excuse his untimeliness. He asserts that he thought "that counsel had filed his appeal and has been waiting for the result for now over three years," and that he "just discovered" that counsel had not filed the appeal. ECF No. 241-1 at 3.

Though AEDPA's one-year statute of limitations is subject to equitable tolling, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . [A]ny resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). There are generally two situations where equitable tolling could apply to a § 2255 motion: (1) where the petitioner was prevented from asserting his claim by some kind of wrongful conduct on the part of the Government; or (2) where extraordinary circumstances beyond the petitioner's control made it impossible to file the claim on time. *Id.*

Neither of these situations is applicable here. Petitioner does not allege, much less establish, that the Government engaged in any wrongful conduct that prevented him from filing his § 2255 motion. To the extent that he alleges that his lack of knowledge about the status of his appeal is an extraordinary circumstance beyond his control that prevented him from filing his motion within the statute of limitations, the Court is not persuaded, given the facts that he signed the document stating that he did not wish to appeal at the sentencing and that he claims that it took him over three years to realize that no direct appeal had been filed. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.[2]

---

[2] Because the petition is time-barred under AEDPA, the Court does not conclude that it is necessary to resolve any factual dispute of whether or not Petitioner told his counsel to file a direct appeal, which would have otherwise been required under *United States v. Poindexter*, 492

## V.     Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 250, is **GRANTED**, and Petitioner's motion for relief pursuant to § 2255, ECF No. 241, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 14, 2014
Columbia, South Carolina

---

F.3d 263 (4th Cir. 2007).  However, the Court concludes that there is no factual dispute. Petitioner clearly indicated that he did not wish to appeal and signed documentation so indicating.  Counsel in his affidavit confirms this decision by Petitioner.  No facts support his current position that he wished to appeal.

6